The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Is 72 O.S. 48 [72-48] of the Oklahoma Statutes violated insofar as the 'loss of status' provision is concerned by a Highway Patrol District Lieutenant's policy which states that, regardless of a Trooper's seniority, if such a Trooper takes annual military leave for summer camp, then, and in that event, any vacation leave that that Trooper requests will be granted to that Trooper only if the dates of that requested vacation time do not conflict with the vacation time requested by another Trooper, notwithstanding the fact that the second Trooper may not have as much seniority as the first requesting Trooper who has also requested annual leave for summer camp ?" 72 O.S. 48 [72-48] is as follows: "AIZ officers and employees of the state, or a subdivision thereof, or a municipality therein, who are members, either officers or enlisted men of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Woman's Auxiliary Corps, or any other component of the Armed Forces of the United States, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first twenty (20) calendar days of such leave of absence during any calendar year." (Emphasis added). Although no opinions could be found rendered by this office or the Supreme Court interpreting what is meant by "loss of status", it should be noted that similar language is also contained in 72 O.S. 46 [72-46] and 72 O.S. 47 [72-47] (1971). These latter sections pertain to the rights of an individual employee of the State or private employer after completion of active military service whereby he is restored to his position or employment or like position without loss of seniority, stature, or efficiency rating. You are also referred to the merit system rules of personnel administration (74 O.S. 801 [74-801] et seq. (1971)) and the rules instituted thereunder. Rule 1410 promulgated by the Oklahoma State Personnel Board (Revised July 1, 1979) regulates annual leave accrual which is subject in part to the following condition: "(1) Annual leave must be applied for by the employee and may be used only when approved by the Appointing Authority, who shall designate such time or times when it will least interfere with the efficient operation of the agency." The Highway Patrol Division of the Department of Public Safety is regulated by the above rule, therefore; vacation leave time granted must be designated and approved by the employer, notwithstanding the fact that particular employees may or may not be granted military leave for summer camp. Whether or not a violation of 72 O.S. Section 48[72-48] [72-48] has occurred by the application of Rule 1410(1) is a question of fact that cannot be determined from the limited factual situation presented. It is, therefore, the official opinion of the Attorney General that 72 O.S. 48 [72-48] (1971), 74 O.S. 801 [74-801] et seq. (1971), and Oklahoma State Personnel Board Rule No. 1410 govern military and vacation leave of the personnel of the Highway Patrol Division of the Department of Public Safety and any alleged "loss of status" by an individual is a factual question. (WILLIAM S. FLANAGAN) (ksg)